**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MARCUS HOPER, SR.,

     Plaintiff,

v.                                                                  Case No.  4:26-cv-108-MW/MJF

RON DESANTIS, *et al.*,

     Defendants.

                                      /

## REPORT AND RECOMMENDATION

This case originated in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, Case No. "2016-DR-002081 / 2025-CC-4170." Doc. 1 at 1. On March 2, 2026, Plaintiff, proceeding *pro se*, filed a notice of removal pursuant to 28 U.S.C. § 1441(a). *Id.* This is Plaintiff's second attempt to remove this civil action that he filed in state court. *See Hoper v. Desantis*, No. 4:26-cv-70-RH-MAF, ECF No. 10, Order of Remand (N.D. Fla. Mar. 16, 2026). Because Plaintiff failed to pay the filing fee upon removal, and because section 1441(a) does not authorize Plaintiff to remove civil actions to federal court, the District Court should remand this case to the Florida court in which it originated.

Page 1 of 4

## DISCUSSION

### A.    Plaintiff Failed to Pay the Filing Fee

The Local Rules require that a party who removes a civil action simultaneously pay the filing fee or file a motion for leave to proceed *in forma pauperis*.  N.D. Fla. Loc. R. 5.3.  Plaintiff violated this Rule. For this reason alone, the District Court should remand this civil action to the state court from which Plaintiff removed it.

### B.    A Plaintiff Cannot Remove a Civil Action under § 1441

The general removal statute, 28 U.S.C. § 1441, provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). The plain language of this statute provides defendants a right of removal, *not plaintiffs*. 28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–07 (1941); *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972).

Plaintiff initially had the option to file this case in federal or state court. He chose to file it in a Florida court. He cannot now switch to a federal forum through removal. *See Chicago R.I. & P.I. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595, 597 (5th Cir. 2020); *Oregon Egg Producers*, 458 F.2d at 383.

Because Section 1441(a) does not authorize Plaintiff to remove this case to a federal court, this case should be remanded to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

## CONCLUSION

Because Plaintiff failed to pay the filing fee, and because § 1441(a) does not authorize a plaintiff to remove a civil action to a federal court, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **REMAND** this civil action to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

2.     **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 17th day of March 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

Page 3 of 4

## NOTICE TO THE PARTIES

The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to this R&R must be filed within fourteen days of the date of the report and recommendation. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.